Filed 6/19/13  P. v. Galarza CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B242992 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. SA024597) |
| ELIZABETH GALARZA et al., | |
| Defendants and Appellants. | |

APPEALS from orders of the Superior Court of Los Angeles County, Cynthia Rayvis, Judge.  Affirmed.

Michael S. Cabrera and Kristen M. Hart for Defendants and Appellants.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Zee Rodriguez and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

Defendants Elizabeth Galarza and Janet Loaiza appeal from the trial court's denial of their motions to withdraw their 1996 guilty pleas pursuant to Penal Code section 1016.5[1] and their petitions for a writ of error *coram nobis*. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 1996, defendants pled guilty to one count of transporting marijuana. (Health & Saf. Code, § 11360, subd. (a).) They were granted probation, subject to various terms and conditions, including the service of a 180-day county jail term.

On January 6, 2012, each defendant filed a petition for a writ of error *coram nobis* and a motion to vacate her plea pursuant to section 1016.5 (petition). Each petition contained identical allegations. First, defendants claimed the prosecutor failed to advise them of the immigration consequences of their guilty pleas in accordance with section 1016.5. Second, they contended that their attorneys rendered ineffective assistance by failing to adequately advise them of the potential impact of their pleas on their ability to remain in this country.

On February 17, 2012, the Los Angeles District Attorney's Office filed opposition to the petitions. It cited the transcript of defendants' guilty pleas and argued they had been adequately advised pursuant to section 1016.5.

On July 6, 2012, the trial court, after considering the petitions and the opposition, found no basis for allowing defendants to withdraw their guilty pleas. It concluded that the prosecutor who had taken the pleas substantially complied with the requirements of section 1016.5. Regarding counsel's alleged failure to advise defendants of the immigration consequences of their pleas, the court found that defendants had failed to establish prejudice. It determined that defendants could not show that but for counsel's error, they would have rejected the plea offer and proceeded to trial, noting that

---

[1]     All further statutory references are to the Penal Code.

2

defendants admitted ownership of the suitcases in which the marijuana was found. The court declined to hear defendants' testimony which was offered to establish that they were coerced to enter their pleas, concluding that the relevant issue was whether defendants had been properly advised of the immigration consequences pursuant to the statute. The court denied the petitions.

This appeal followed.

## DISCUSSION

On appeal, defendants have abandoned their argument that the prosecutor failed to adequately advise them of the immigration consequences of their pleas pursuant to section 1016.5. Neither defendant points to any infirmity with the prosecutor's section 1016.5 advisement. Instead, in identical briefs, each defendant argues, "[t]he Defendant does not contest that the Court attempted to advise her of the immigration consequences of the plea agreement, but the Defendant argues that Counsel failed to effectively represent the Defendant according to the holdings of *Strickland v. Washington*, 466 U.S. 668 (1984), and *People v. Soriano*, (1987) 194 Cal.App.3d 1470, and *Padilla v. Kentucky* (2010), [559] U.S. [356], 130 S.Ct. 1473." Consequently, defendants implicitly concede the trial court did not err in denying their statutory motions to dismiss pursuant to section 1016.5.

We turn to defendants' ineffective assistance claim. Initially, we note they have not set forth the procedural vehicle by which they are entitled to relief. In the trial court, defendants contended their attorneys' failure to properly advise them of the immigration consequences of their pleas justified the issuance of a writ of error *coram nobis*. Here, they make no such claim. Nor have they attempted to explain how they met the requirements for the issuance of such a writ or how the trial court erred by denying their petitions. As a result, we could conclude defendants have forfeited their contention. (See *Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn. 1

[court may deem contention forfeited where party fails to provide legal and factual support for its claim of error].)

In any event, defendants' argument fails on the merits. First, a claim of ineffective assistance of counsel does not state a case for relief on *coram nobis*. (*People v. Kim* (2009) 45 Cal.4th 1078, 1101.) Second, the legal authority upon which defendants exclusively rely does not assist them. They cite the United States Supreme Court decision in *Padilla v. Kentucky*, *supra*, 559 U.S. 356, wherein the court determined that counsel rendered ineffective assistance by failing to advise the defendant that his plea made him subject to automatic deportation. However, as the Attorney General points out, earlier this year, the high court determined that *Padilla* does not apply retroactively. Thus, the case has no effect on a conviction that was final when the decision was rendered. (*Chaidez v. United States* (2013) ___ U.S. ___ [133 S.Ct. 1103, 1105-1107].) As defendants' convictions were final in 1996, *Padilla* does not assist them.

Finally, defendants urge the trial court abused its discretion by not allowing them to testify in order to demonstrate that they were coerced into entering their guilty pleas. In their petitions, defendants asserted they were entitled to relief on two grounds. They alleged a statutory ground, the prosecutor's failure to advise pursuant to section 1016.5, and a nonstatutory ground, entitlement to a writ of error *coram nobis*. They do not explain to this court why their testimony was relevant to either prong of their petitions. Again, we may deem the contention forfeited because defendants do not support it by citation to legal authority.

On the merits, we discern no error in the trial court's ruling. We conclude that defendants' testimony would not have been relevant to their statutory claim pursuant to section 1016.5. The alleged coercion that occurred prior to the entry of their pleas had no bearing on the question of whether they were adequately advised of potential immigration consequences, as required by the statute. With respect to their petitions for a writ of error *coram nobis*, defendants cannot establish they were prejudiced by the court's evidentiary ruling, as they fail to demonstrate they were entitled to such relief. Procedurally, their entitlement to a writ was barred by their failure to exercise due diligence in seeking such

4

relief. Each defendant filed a declaration stating that after she entered her plea she learned she was subject to deportation as a result and was, in fact, deported to Mexico after serving a county jail sentence. There is no doubt that each defendant was aware that her guilty plea had an adverse effect on her ability to remain in this country. Nonetheless, neither attempted to justify waiting to file the petition for 15 years. This alone is fatal to defendants' claim. (*People v. Kim*, *supra*, 45 Cal.4th at pp. 1096-1097.) In addition, a petitioner must show that any new fact that would have prevented the rendition of the judgment was not known by him or her. (*Id.* at p. 1093.) This, defendants cannot do. In their declarations, defendants claimed they were coerced to enter their pleas by the individuals who ordered them to transport the marijuana that was found. Clearly, they had the facts that allegedly would have prevented the rendition of the judgment in hand when they entered their pleas.

For the first time on appeal, defendants argue their proffered testimony was relevant because they had a right to withdraw their plea pursuant to section 1018. As they failed to specifically raise that ground for admissibility of the evidence below, they are precluded from complaining on appeal. (*People v. Fauber* (1992) 2 Cal.4th 792, 854.) In any event, relief under section 1018 was not available "because that statute only authorizes a trial court to allow a defendant to withdraw a guilty plea before judgment is entered." (*People v. Gari* (2011) 199 Cal.App.4th 510, 521.)

Although defendants argue they were entitled to some other unspecified form of nonstatutory relief, they have "not cited any authority that there is such a thing as a nonstatutory motion to vacate a judgment to withdraw a plea that is distinguishable in its requirements or effect from a petition for a writ of error *coram nobis*." (*People v. Gari*, *supra*, 199 Cal.App.4th at p. 522.) Having already determined that defendants were not entitled to a writ of error *coram nobis* and that the failure to receive defendants' testimony was not prejudicial to their request for that relief, we need go no further.

5

## DISPOSITION

The orders denying defendants' petitions to vacate their guilty pleas are affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


SUZUKAWA, J.

We concur:


WILLHITE, Acting P. J.


MANELLA, J.